IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RODNEY BAULKMAN | § | |
| v. | § | CIVIL ACTION NO. 6:06cv316 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Rodney Baulkman, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Baulkman complains that he is being wrongfully denied release on mandatory supervision and that the Parole Board was unconstitutionally applying to him laws concerning parole review which were enacted after the commission of his offense, in violation of the *Ex Post Facto Clause*. On January 5, 2007, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge concluded that Baulkman was using an improper formula of calculating eligibility for release on mandatory supervision and that Baulkman did not have a liberty interest in parole, and therefore could not challenge the application of laws concerning parole review. Baulkman filed objections to the Magistrate Judge's Report on January 22, 2007.

In his objections, Baulkman focuses on the issue of the applicability of the parole review laws. He says that at the time that he was convicted and sentenced, in 1986, the law entitled him to annual review for parole. However, the Texas Board of Pardons and Paroles is applying to him laws enacted in September of 2003, which laws gave the Board authority to give him a set-off

1

for up to five years. In fact, Baulkman says, he received a two-year set-off, but even this is improper under the laws in effect at the time of the commission of the offense. He cites a Ninth Circuit case called Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) in support of his claim; however, the issue in Docken was whether a claim such as Baulkman raises is cognizable in habeas corpus, not whether such a claim is actually meritorious.

In California Department of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597 (1995), the petitioner Jose Morales was convicted of murder and sentenced to 15 years to life. The law in place at the time of the commission of the offense, in 1980, provided for parole suitability hearings on an annual basis. In 1981, California changed the law to allow for deferment of such hearings for up to three years. When Morales came up for parole in 1989, he was denied parole, and his next hearing was scheduled for 1992.

Morales then filed a habeas corpus petition saying that the application of the 1981 law to him was a violation of the *Ex Post Facto Clause*. The district court denied the petition, but the Ninth Circuit reversed, holding that the Parole Board was required to hold annual suitability hearings, as required by the law in effect when the crime was committed.

On certiorari, however, the Supreme Court reversed the Ninth Circuit's decision. The Supreme Court stated that the 1981 law did not alter the sentencing range, nor the formula for securing reductions to the sentencing range. Nor did the law affect the standards for determining the initial date of eligibility for or suitability for parole. Instead, the Court said, the one change made by the law was that the Board did not have to conduct annual reviews if it found that there was no reasonable probability that the respondent would be deemed suitable for parole in the interim period. In other words, the Court said, the 1981 law simply altered the method to be followed in fixing a parole release date under identical substantive standards. The Court thus concluded that the legislation at issue "creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes," and that it did not violate the *Ex Post Facto Clause*. Morales, 514 U.S. at 514.

In Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995), the plaintiff complained that a change in Texas law altering the intervals between parole hearings violated the *Ex Post Fac6to Clause*. The Fifth Circuit rejected this contention, noting that because Orellana had no liberty interest in obtaining parole, he could not complain of the constitutionality of procedural devices attendant to parole decisions. Orellana, 65 F.3d at 32; *see also* Creel v. Kyle, 42 F.3d 955 (5th Cir. 1995); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995) (rejecting similar claims against ex post facto challenges).

In Hallmark v. Johnson, 118 F.3d 1073 (5th Cir. 1997), the Texas Department of Criminal Justice changed its policy so as to discontinue the restoration of good conduct time forfeited as a result of disciplinary violations. This policy was challenged as an ex post facto violation, but the Fifth Circuit rejected the challenge, again based on the lack of a liberty interest.

Baulkman has failed to show that he has a liberty interest in this case, or that the procedural change about which he complains amounts to an ex post facto violation. Instead, as in Morales, the change appears to create only a substantive and attenuated risk of increasing the punishment attached to his offense. Brown v. Dretke, 184 Fed.Appx. 384 (5th Cir., June 6, 2006) (not selected for publication in the Federal Reporter) (use of 1995 procedures to deny parole to inmate convicted before that date was not a violation of the *Ex post Facto Clause*). Baulkman's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response and supplemental response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

3

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Rodney Baulkman is denied a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 5th day of February, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE